THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO. v. KINNEY.

*Contract — Public policy — Master and servant — Assumption of risk by employe.*

A contract between a sleeping car company and an employe, by which the latter assumed all risks incident to her employment, is void as against public policy.

(Decided December 6, 1915.)

ERROR: Court of Appeals' for Hamilton county.

*Mr. Mortimer Matthews* and *Mr. Mitchell Wilby,* for plaintiff in error.

*Mr. John W. Sadlier* and *Mr. Thos. L. Michie,* for defendant in error.

JONES, E. H., P. J. The contract entered into by Mary Kinney and the Pullman Company, whereby she assumed all risks incident to her employment, etc., is void as against public policy.

Section 9013, General Code, provides:

"No railroad company insurance society or association, or other person shall demand, accept, or enter into an agreement or stipulation with a per-

son about to enter, or in the employ of a railroad company whereby he stipulates or agrees to surrender or waive any right to damages against a railroad company, thereafter arising for personal injury or death, or whereby he agrees to surrender or waive in case he asserts such right, any other right."

And in *Railway Company* v. *Spangler,* 44 Ohio St., 471, it was decided:

"The liability of railroad companies for injuries caused to their servants by the carelessness of other employes who are placed in authority and control over them, is founded upon considerations of public policy, and it is not competent for a railroad company to stipulate with its employes at the time, and as part of their contract of employment, that such liability shall not attach to it."

True, Mary Kinney did not make her contract with a railroad company, but in this case the railroad company, by answer, seeks to avoid the consequences of its negligence by intrenching itself behind such a contract. The general assembly and the supreme court of our state have declared that to permit such immunity to a railroad company is against public policy, and we can not see any distinction between permitting the protection by virtue of a contract to which the railroad company is directly a party and permitting same under favor of a contract assigned to it by the Pullman Company.

The nature of the business conducted by the latter company, and its relation to the railroad, are set forth in the defense demurred to. The Pullman cars are drawn by the same locomotives, over

the same tracks, whether on a "run" or in the yards, as are other railroad coaches. Their movements are governed and directed by the same crew, and their occupants, attendants and employes are exposed to the same risks and hazards.

Hence, if the contract set out in the fourth defense of the answer, when made by a railroad company, is against public policy and void, for like reason it must be contrary to public policy to permit the Pullman Company to make and rely upon the contract.

The contract being void, the assignee acquired nothing by the assignment, and the demurrer was properly sustained.

*Judgment affirmed.*

JONES, OLIVER B., and GORMAN, JJ., concur.